United States District Court
Southern District of Texas
**ENTERED**
September 28, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICARDO MARTINEZ SALDANA, | § | |
| | § | |
| Petitioner, | § | |
| | § | CIVIL ACTION NO. 4:26-cv-04056 |
| v. | § | |
| | § | |
| WARDEN, Montgomery Processing Center, *et al.*, | § | |
| | § | |
| | § | |
| Respondents. | § | |

## ORDER OF DISMISSAL

The petitioner, Ricardo Martinez Saldana, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) officials. Through counsel, he has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his continued detention. Since filing the petition, however, the petitioner's order of removal has become final. (*See* Dkt. No. 9; *see also Automated Case Information*, Executive Office for Immigration Review, https://acis.eoir.justice.gov/en (last visited Sept. 26, 2026)).[1] The petitioner's detention is now governed by 8 U.S.C. § 1231(a).

Under § 1231(a), "when an alien is ordered removed, the Attorney General is directed to complete removal within a period of 90 days, and the alien must be detained during that period." *Jennings v. Rodriguez*, 583 U.S. 281, 298 (2018) (citations omitted); *see also Ruiz Carrillo v. Frink*, Civ. Action No. H-26-0914, 2026 WL 1067568, at *1 (S.D. Tex. Apr. 20, 2026) (explaining

[1] Publicly available information related to the petitioner's immigration proceedings may be found by searching for the petitioner by his A-number and nationality at the Executive Office for Immigration Review's website, available at https://acis.eoir.justice.gov/en (last visited Sept. 26, 2026). The EOIR website indicates that an immigration judge ordered the petitioner removed on July 23, 2026. No appeal to the Board of Immigration Appeal (BIA) was filed, thus rendering the removal order administratively final.

that once a noncitizen is subject to a final order of removal, detention authority is governed by § 1231(a)); *Iunusali Muminov v. Warden, FCI Lewisburg*, No. 3:26-cv-911, 2026 WL 1104371, at *2 (M.D. Pa. Apr. 23, 2026) (explaining that because the petitioner—who has an administratively final order of removal—is being detained under 8 U.S.C. § 1231(a), the petitioner's detention is within the 90-day removal period and his detention is mandatory).

Under *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), detention pursuant to § 1231(a) only becomes presumptively unreasonable after approximately six months. After that six-month period, "once the alien provides a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* Because the petitioner's detention is now governed by § 1231 and because the petitioner is within the 90 days for post-removal detention provided for by the statute, the Court will dismiss this case, without prejudice. Any challenge based on *Zadvydas* is premature at this time.

Based on the foregoing, the Court **ORDERS** as follows:

1. This case is **DISMISSED without prejudice**.
2. Any pending motions are **DENIED** as moot.

The Clerk shall provide a copy of this Order to the parties.

SIGNED on September 28, 2026, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge